IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                    Case No. 2:21-cr-00078-4-KGB

KENNETH DEWAYNE HEARD                                                   DEFENDANT

**ORDER**

Before the Court is a motion for compassionate release filed *pro se* by defendant Kenneth Dewayne Heard (Dkt. No. 190). The government responded in opposition to the motion (Dkt. No. 193). Mr. Heard filed a motion to appoint counsel prior to filing his motion for compassionate release (Dkt. No. 175). Mr. Heard also filed two replies to the government's response in opposition to his motion for compassionate release (Dkt Nos. 194–95). In addition, Mr. Heard filed a motion to obtain medical records (Dkt. No. 196). For the following reasons, the Court denies Mr. Heard's motion for compassionate release (Dkt. No. 190). The Court also denies Mr. Heard's motion for appointment of counsel and motion to obtain medical records (Dkt. Nos. 175; 196).

## I.      Background

Mr. Heard entered a guilty plea to knowingly and intentionally possessing with intent to distribute 5 grams or more, but less than 50 grams, of actual methamphetamine in violation of 21 U.S.C. 841(b)(1)(B) as set forth in count five of the indictment (Dkt. Nos. 80–81). The Court, on the government's motion, dismissed the remaining counts pending against Mr. Heard. Mr. Heard was sentenced on July 6, 2022, to a term of 70 months in the Federal Bureau of Prisons ("BOP"), to be followed by four years of supervised release (Dkt Nos. 114–16).

On December 11, 2023, Mr. Heard filed a *pro se* motion to appoint counsel to aid in his filing a motion for compassionate release (Dkt. No. 175). On April 2, 2024, Mr. Heard filed a

motion for compassionate release *pro se* (Dkt. No. 190).  Mr. Heard requested one year off of his

sentence and cited his medical condition as a basis for his request (*Id.*).  The government responded

in opposition to Mr. Heard's motion for compassionate release (Dkt. No. 193).  The government

maintains that Mr. Heard, prior to filing his current motion for compassionate release, did not

exhaust with the BOP his request for compassionate release (*Id.*, at 2–3).  Further, the government

argues that a sentence reduction is not warranted for Mr. Heard based on the applicable factors

(*Id.*, at 3–8).  Mr. Heard filed two replies (Dkt. Nos. 194–95).  Mr. Heard asserts that he did submit

a request for compassionate release to the Warden of his BOP facility, waited 30 days while

receiving no reply from the Warden, and then filed his motion for compassionate release with this

Court (Dkt. No. 194).  Mr. Heard also addresses and attempts to counter other arguments made by

the government (*Id.*).  In addition, Mr. Heard filed a motion requesting that the Court obtain his

medical records, if the Court deems the records helpful to evaluating his motion for compassionate

release (Dkt. No. 196).

## II.    Discussion

### A.    Motion To Appoint Counsel

First, as to Mr. Heard's motion to appoint counsel, the Court notes that a defendant's

constitutional and statutory rights to assistance of counsel do not extend to postconviction

proceedings beyond a direct appeal, including postconviction proceedings under 18 U.S.C. §

3582(c). *See United States v. Farah*, Case No. 18-cr-00114-WMW-HB, 2022 WL 4585689, at *2

(D. Minn. Sept. 29, 2022) (citing *United States v. Meeks*, 971 F.3d 830, 833–34 (8th Cir. 2020));

*United States v. Fleming*, 5 F.4th 189, 193 & n.3 (2d Cir. 2021) (recognizing that there is no

constitutional or statutory right to counsel in proceedings under § 3582(c); collecting cases).

Mr. Heard has ably presented his motion for compassionate release to the Court. Therefore, the Court denies his motion to appoint counsel (Dkt. No. 175).

### B.    Motion For Compassionate Release

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One narrow exception is the First Step Act ("FSA"), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c). *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022); *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction. U.S.S.G. § 1B1.13(a)–(b). If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and when "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

To determine whether "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), courts are to consider: (1) medical circumstances; (2) age-related deterioration in combination with the amount of time served; (3) family circumstances; (4)

physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). With regard to the fifth category, this category exists for "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if: (1) the defendant has received an unusually long sentence; (2) the defendant has served at least 10 years, and (3) a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.

4

§ 3582(c)(1)(A).  As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).  If a defendant fails to meet the exhaustion requirement and the government properly raises the exhaustion issue, the court must dismiss the motion without prejudice.  *Id.*

Before Amendment 814, the court assumed that the factors laid out in the Sentencing Commission's policy statement applied to motions for compassionate release brought by prisoners as well as the BOP Director.  Following Amendment 814, the factors courts are to consider now explicitly apply to motions for compassionate release brought by prisoners.

In this case, the government in its response raised the defense of failure to exhaust (Dkt. No. 193, at 2–3).  In his reply, Mr. Heard presents some evidence that he requested compassionate release from the Warden before filing his current motion (Dkt. No. 194, at 9–17).  Mr. Heard maintains that he requested compassionate release from the Warden in January 2024 and waited over 30 days to file the current pending motion with the Court on April 2, 2024.  For these reasons, the Court will not dismiss without prejudice due to failure to exhaust.  The Court will proceed to evaluate the merits of Mr. Heard's motion for compassionate release.

Mr. Heard seeks compassionate release based on the several medical conditions from which he suffers and his assertion that staffing shortages at the BOP facility potentially put him at risk from these conditions (Dkt. No. 190).  The government opposes Mr. Heard's motion, contending that his medical conditions do not justify granting a sentence reduction (Dkt. No. 193, at 6–7).  Further, the government asserts that Mr. Heard remains a danger to the community and that the 18 U.S.C. § 3553(a) factors weigh against granting him a sentence reduction (*Id.*, at 7–8).

The Court determines that, on the record before it, Mr. Heard has not demonstrated an extraordinary and compelling reason sufficient to warrant compassionate release.  The Court

recognizes the serious medical conditions from which Mr. Heard suffers; he suffered from those conditions throughout the pendency of this criminal case and at the time of sentencing. The Court acknowledges that an extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. However, on the record as a whole, the Court does not find an extraordinary and compelling reason.

Even if Mr. Heard could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. Because of this determination, the Court declines to request a copy of Mr. Heard's medical records and denies his motion requesting such relief (Dkt. No. 196).

Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Heard, and protecting the public from additional crimes by Mr. Heard. *See* 18 U.S.C. §§ 3142(g)(1), (4), 3553(a)(1), (2)(C). The Court has reviewed the Presentence Investigation Report that was available at the time of Mr. Heard's sentencing for this offense. Mr. Heard's criminal history weighs against granting his motion. Further, Mr. Heard was not compliant with the conditions of his pretrial release while these charges were pending. Based on Mr. Heard's criminal history and the instant offense of conviction, when given the opportunity to do so in the past, Mr. Heard has failed to conform his conduct to what the law requires. Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time (Dkt. No. 190).

### III.    Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Heard's

motion to appoint counsel, motion for compassionate release, and motion for the Court to obtain

Mr. Heard's medical records (Dkt. Nos. 175; 190; 196).

It is so ordered this 16th day of May, 2025.


_____
Kristine G. Baker
Chief United States District Judge